# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>JAMES DOUGLAS WAGER<br><br><br><br>Debtor. | Chapter 13<br><br>Case No.: 19-13619 KHT |
| JAMES DOUGLAS WAGER<br><br>Plaintiff,<br><br>vs.<br><br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP and<br>NORTHWEST PARKWAY LLC<br><br>Defendants. | Adversary Case No.: 19- |

**COMPLAINT FOR VIOLATION OF 11 U.S.C. § 362**

AND NOW comes Debtor James Douglas Wager ("Plaintiff"), by and through counsel, Matthew J. McCune, brings this adversary proceeding against Linebarger Goggan Blair & Sampson, LLP ("Defendant Linebarger") and Northwest Parkway ("Defendant Northwest") pursuant to § 362 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. ("Bankruptcy

Code") and the Federal Rules of Bankruptcy Procedure to obtain a determination that Defendants are in violation of 11 U.S.C. §362(a) by willfully attempting to collect, assess or recover a claim against the debtor that arose before the commencement of the present case after receiving notice of the Plaintiff's bankruptcy filing and pursuant to the Fair Debt Collection Practices Act (15 U.S.C. Section 1692) (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## I. JURISDICTION AND VENUE

1. This court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334 as this proceeding arises in the above-captioned Chapter 13 case filed in this federal judicial district. This matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue in the District of Colorado is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).
2. The relevant statutory authority for the Plaintiff's complaint is §362 of the Bankruptcy Code. This adversary proceeding is authorized by Rules 7001-70 of the Federal Rules of Bankruptcy Procedure.
3. This Court has authority to hear the FDCPA claim in this case pursuant to U.S.C. §1692k(d).
4. Plaintiff consents to entry of final judgment on all counts by the Bankruptcy Court in this case.

## II. THE PARTIES

5. **Plaintiff, James Douglas Wager**, is the Debtor in the above captioned bankruptcy case. Plaintiff is a resident of Colorado. Plaintiff sought relief through a Chapter 13 reorganization in 2019.

6. **Defendant, Linebarger Goggan Blair & Sampson, LLP**, is a debt collection agency with the principal place of business in Austin, Texas. Defendant holds itself out as "professional collection services by licensed attorneys" (https://www.lgbs.com/). Defendant Linebarger is acting as a debt collector for Defendant Northwest in this case.

7. **Defendant, Northwest Parkway,** is a public toll road, with its principal place of business in Broomfield, Colorado. Defendant Northwest is a creditor in this Chapter 13 case.

### III.    FACTUAL ALLEGATIONS

8. On 04/30/2019, Plaintiff filed for bankruptcy relief under Chapter 13 of the Bankruptcy Code.
9. Listed on his Schedule E/F was Plaintiff's obligation to Northwest Parkway for a nonpriority unsecured debt.
10. This obligation owed to Northwest Parkway was for a consumer debt.
11. Defendant Northwest was noticed with a Notice of Chapter 13 Bankruptcy Case (Official Form 309l) via the Bankruptcy Noticing Center on 05/03/19 by electronic transmission at brprocessor@pfccollects.com.
12. The Notice of Chapter 13 Bankruptcy Case (Official Form 309l) of Plaintiff's bankruptcy filing included Plaintiff's name, address, case number, contact information for debtor's attorney, meeting of creditors information, and the following relevant language related to the automatic stay:
    a. For the debtor listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully. The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's

fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

13. Upon information and belief, after the filing of the case and proper notice being served, Defendant Linebarger was retained by Defendant Northwest to collect the debt from the Plaintiff.
14. On July 2, 2019, a "Notice of Debt" collection letter was sent from the Defendant Linebarger on behalf of Defendant Northwest to the Plaintiff, in the amount of $418.30.
15. Defendant Linebarger is a debt collector.
16. This letter was sent after Plaintiff had filed for Chapter 13 Bankruptcy, and after the Defendants were notified of Plaintiff's bankruptcy case.
17. Plaintiff alleges on information and belief that Defendant Northwest was aware at all times of all relevant events in Plaintiff's bankruptcy case.
18. Defendant Northwest received proper notice from the Bankruptcy Noticing Center.
19. Despite having actual knowledge of the Plaintiff's bankruptcy proceeding, Defendant Northwest assigned collection of the debt to the Defendant Linebarger.
20. Defendant Linebarger served Plaintiff with a Notice of Debt in May of 2019.
21. The Notice of Debt alleges debts owed to Northwest Parkway in 2019.
22. On July 18 of 2019, Plaintiff, in an effort to mitigate the damages and resolve the dispute without the need for litigation, sent to Defendant Linebarger a letter instructing said Defendant that they were in violation of the automatic stay and the FDCPA.
23. Said letter instructed Defendant Linebarger to respond by August 7, 2019 to resolve all issues.
24. Additionally, on July 26, 2019, counsel for debtor spoke directly with Michael Deeds, an agent of Defendant Linebarger, in an effort to resolve the issues without the need for litigation.
25. On July 26, 2019, counsel for debtor also emailed Michael Deeds information related to this matter in an effort to resolve the issues without the need for litigation.

IV.     **CLAIMS FOR RELIEF**

## 1st CLAIM: VIOLATION OF 11 U.S.C, §362

**A. DEFENDANT NORTHWEST PARKWAY'S WILLFUL TRANSFER OF DEBT TO DEFENDANT LINEBARGER GOGGAN BLAIR & SAMPSON, LLP TO RECOVER A DEBT AGAINST THE DEBTOR THAT AROSE AFTER RECEIVING NOTICE OF THE PLAINTIFF'S BANKRUPTCY FILING VIOLATED SECTION 362 OF THE BANKRUPTCY CODE.**

26. 11 U.S.C §362(a)(1) provides that a petition for relief under the Bankruptcy Code "operates as a stay, applicable to all entities, of (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

27. The filing of Plaintiff's bankruptcy petition operated as a stay, applicable to Defendant Northwest.

28. Defendant's violation of §362 was a "willful" violation. Courts have previously held that violations are "willful" if the party knew of the automatic stay and intended to take the action that violated the stay. In effect, the term "willful" refers to the deliberateness of the conduct, coupled with knowledge of the filing. *In re Gagliardi*, 290 B.R. 808, 818-819 (Bankr.D.Colo. 2003).

29. In the present case, the evidence establishes beyond dispute that Defendant Northwest knew of the automatic stay of 11 U.S.C. §362.

30. Defendant Northwest had been noticed of the Plaintiff's bankruptcy via the Bankruptcy Noticing Center several times.

31. Defendant knew about the bankruptcy and that the automatic stay was applicable.

32. Defendant clearly intended the actions that violated the automatic stay by retaining Defendant Linebarger to collect the Plaintiff's debt on Defendant Northwest's behalf.

33. Once a court finds a violation of the stay to be willful, §362(h) makes the award of damages mandatory. *Id.* at 819.

34. The Bankruptcy Code contains a specific cause of action against a creditor who causes injury to an individual by a willful violation of the automatic stay: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages,

including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. §362(k)(1).

35. If the Court finds a willful violation of the stay, the debtor in entitled to all reasonable attorney fees and costs; the court does not have discretion to award less. *In re Stainton*, 139 B.R. 232 (B.A.P. 9th Cir. 1992).

36. Defendant Northwest actions in this case can only reasonably be understood as a willful violation of §362(a).

### 2nd CLAIM: VIOLATION OF 15 U.S.C. § 1692

### B. DEFENDANT LINEBARGER GOGGAN BLAIR & SAMPSON, LLP VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT UNDER 15 U.S.C. §1692

37. Defendant Linebarger violated the Fair Debt Collection Practices Act (15 U.S.C. Section 1692) (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

38. Section 1692(k) of the FDCPA allows for any person to receive compensation for any actual damages and up to $1,000.00 additional damages for a violation of the FDCPA.

39. Defendant Linebarger violated Sections 1692(b)(6) and 1692(c)(2) by sending the Notice of Debt letter to the Plaintiff after their bankruptcy case was filed.

40. §§1692(b)(6) and (c)(2) precludes a debt collector from contacting a debtor when the debtor is represented by an attorney.

41. Defendant Linebarger made fraudulent and deceptive statements to the Plaintiff through the Notice of Debt, by attempting to collect a debt.

42. Defendant Linebarger violated §1692(e)(2)(A) by sending the Notice of Debt letter to the Plaintiff after their bankruptcy case was filed and stating that there was an "amount due" and owing on the debt that was included in the bankruptcy.

43. §1692(e)(2)(A) precludes a debt collector from making a false or misleading statement about the legal status of any debt.

44. Under the facts presented, this Court should find that the maximum $1,000 in statutory

damage is available under the FDCP.

C. **PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AND COSTS INCURRED IN BRINGING THIS ACTION BECAUSE ATTORNEY INTERVENTION IS OFTEN NECESSARY TO PREVENT OTHER ACTUAL DAMAGES TO A DEBTOR.**

45. If the Court finds a willful violation of the stay, the debtor in entitled to all reasonable attorney fees and costs under §362(k)(1); the court does not have discretion to award less. *In re Stainton*, 139 B.R. 232 (B.A.P. 9th Cir. 1992).

46. Attorney's fees are reasonable in this case because attorney has spent time and resources in bringing forth this claim against the Defendants.

47. Factors to be taken in consideration of reasonable attorneys fees and costs under §362 are the time spent, the quality of the services rendered and their value, the result produced, the skill required and the benefit conferred upon the debtor. *In re Roman,* 283 B.R. 1 (B.A.P. 9th Cir. 2015) at 11.

48. Plaintiff's attorney attempted to mitigate damages with the Defendant Linebarger Goggan Blair & Sampson, LLP before bringing forth this claim by contacting Defendant's with a letter of the violation of the Automatic Stay ("letter"), dated July 18, 2019.

49. In that letter, Plaintiff's attorney informed the Defendant Linebarger Goggan Blair & Sampson, LLP that they were in violation of the Bankruptcy Code, specifically §362, and the FDCPA.

50. The letter stated that "This correspondence is our effort to efficiently mitigate the damages and fees related to these matters, as required by the Bankruptcy Court."

51. Defendants Linebarger Goggan Blair & Sampson, LLP were properly mailed the letter, and failed to respond to the letter by Wednesday, August 7, 2019, as indicated in the letter by Plaintiff's attorney.

52. This Court should find for the Plaintiff, as a measure of preventative litigation measures that will prevent future harm to the debtor's.

53. Accordingly, following completion of proceedings in this matter, counsel will seek an award of fees and costs incurred in the representation of Plaintiff.

## V. RELIEF REQUESTED

54. Plaintiff asks the Court for the following relief; (a) a judgment that Northwest Parkway is in willful violation of the automatic stay under §362(a) of the Bankruptcy Code; (b) an injunction against any further attempts by Northwest Parkway or its employees, agents, attorneys or assign to collect on the prepetition debt; (c) a judgment that Linebarger Goggan Blair & Sampson violated the Fair Debt Collection Practices Act under 15 U.S.C. §1692; (d) an award of attorneys' fees and costs under §362(k)(1); (e) an award of statutory damages of $1,000 pursuant to 15 § 1692(e); (f) an award of attorneys' fees and costs under 15 §1692; (g) and such other and further relief as the court finds just and appropriate.

RESPECTFULLY SUBMITTED this 18th day of September, 2019.

*/s/ Matthew J. McCune*
Matthew J. McCune
Attorney for Plaintiff
1888 Sherman St., Ste. 200
Denver, CO 80203
Phone 303-759-0728
matt@mccunelegal.com

## CERTIFICATE OF MAILING

I hereby certify that on the 18th day of September, 2019, I placed a true and correct copy of the foregoing SUMMONS & COMPLAINT FOR VIOLATION OF 11 U.S.C. § 362 in the United States Mail, postage prepaid and addressed to:

Northwest Parkway LLC
3701 Northwest Parkway
Broomfield, CO 80023

Linebarger Goggan Blair & Sampson, LLP,
11001 West 120th Avenue, Suite 215
Broomfield, CO 80021

Linebarger Goggan Blair & Sampson, LLP,
Terrace 2, 2700 Via Fortuna Drive Suite 500
Austin, TX 78746


By: *Charles Holmes*